UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RAMON CRUZ,

       Petitioner,

   -v-                                                     No. 05 Civ. 10703 (LTS)(DF)

SUPERINTENDENT J. SMITH,

       Respondent.

-------------------------------------------------------x

### MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se petitioner Ramon Cruz ("Petitioner") brings this habeas corpus petition ("Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, New York County, of one count of second-degree murder and one count of attempted second-degree murder. Petitioner asserts five claims for habeas relief: (1) that his rights under Batson v. Kentucky, 476 U.S. 79 (1986), were violated in the jury selection process; (2) that he received ineffective assistance of trial counsel; (3) that he received ineffective assistance of appellate counsel; (4) that the trial court's denial of Petitioner's N.Y.C.P.L. § 440.10 Motion violated his due process rights; and (5) that new evidence establishes Petitioner's actual innocence and should serve as the basis for overcoming any procedural bars facing Petitioner's claims.

On September 25, 2009, Magistrate Judge Freeman issued a Report and Recommendation ("Report"), recommending that the Petition be denied. Timely objections to the Report were received from Petitioner, and the Court has reviewed thoroughly those objections.

When reviewing a Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C)

(West 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F.Supp. at 381-82.

The Court has considered thoroughly Petitioner's objections, and has considered de novo all of the objections that specifically and clearly address particular findings in the Report. The factual and procedural background of this matter are described in detail in the Report, familiarity with which is presumed. For the following reasons, the Court adopts Judge Freeman's recommended analysis and conclusions, and dismisses the habeas corpus petition.

Petitioner's two specific objections to Judge Freeman's report concern her analysis of an aspect of his Batson jury selection error claim. Petitioner's counsel raised Batson objections twice at trial. The initial objection was made during the third round of jury selection, when counsel pointed out that the prosecutor had used four of seven peremptory strikes against black jurors. The trial court elicited explanations for the strikes, Petitioner's counsel made no further argument, and the court denied the Batson challenge. (See Report at 7-8.) The Batson objection was renewed later in the same round, when the prosecutor used another peremptory strike against a black juror. The trial court

did not require the prosecutor to explain, but "decline[d]" the challenge, remarking that it believed "there has been adequate explanation," observing that "there are Blacks here," and noting that it "[did] not see a systematic exclusion of blacks from the jury." Defense counsel made no further arguments or objection. (Report at 8.) As Judge Freeman observes in her Report, on direct appeal,

> the Appellate Division determined that the trial court found that Petitioner had 'failed to make a *prima facie* showing that the prosecutor exercised his peremptory challenges in an intentionally discriminatory manner at any stage of jury selection,' . . . and further held that this finding by the trial court was supported by the record . . . Accordingly, the Appellate Division rejected Petitioner's *Batson* claim for failure to meet his burden at the first step of the *Batson* analysis.

(Report at 23 (internal citations omitted).) Judge Freeman properly recognized that the Appellate Division's conclusions on the merits of the claim are entitled to deference under habeas corpus provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d). (Report at 24.)

Petitioner objects to Judge Freeman's conclusion that the trial record supports the conclusion, consistent with the Appellate Division's holding, that no prima facie case of a Batson violation was made out when the objection was renewed.

This Court has reviewed de novo Petitioner's argument that he is entitled to habeas corpus relief because the trial court's remarks on the record can be read to indicate that the trial court had concluded that a prima facie case had been made, and/or because a prima facie case was in fact made on the basis of the proportion of peremptory strikes used against black jurors, standing alone. Having considered carefully the record, and the governing legal authority, the Court concurs with the Report's conclusion that Petitioner has failed to demonstrate the requisite unreasonable application of clearly established federal law. Nor is the record indicative of a state court decision that is based on an unreasonable determination of the facts relating to the use of peremptory strikes or the trial court's

conclusions with respect thereto.

In light of the requisite deference to the state court's determination that the second Batson challenged failed for lack of a prima facie showing of discrimination, Petitioner's companion argument that he is entitled to relief because the trial court did not adhere to the three-step Batson procedure in connection with the renewed objection is also unavailing.

The Court has also reviewed the remaining aspects of the Report's Batson analysis, to which Petitioner makes general objections, and finds no clear error. Accordingly, the Court adopts Judge Freeman's Report in its entirety. For the reasons stated in this Order and in the Report, the Petition is dismissed.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2006); see United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner has not met this burden. Thus, the Court declines to issue a certificate of appealability.

The Clerk of Court is respectfully requested to enter judgment dismissing the Petition and close this case.

SO ORDERED.

Dated: New York, New York
February 16, 2010

LAURA TAYLOR SWAIN
United States District Judge