UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RAMON CRUZ,

        Petitioner,

   -v-                                  No.   05-CV-10703-LTS-DCF

JOSEPH T. SMITH,

        Respondent.

-------------------------------------------------------x

## MEMORANDUM ORDER

Petitioner Ramon Cruz ("Petitioner" or "Mr. Cruz"), proceeding pro se, has moved under Rule 60(b) of the Federal Rules of Civil Procedure for relief from an order entered by this Court in 2010. For the reasons stated below, Mr. Cruz's motion is denied.

## BACKGROUND

In 1999, Mr. Cruz was convicted in New York State Supreme Court of second-degree murder and attempted second-degree murder, and was sentenced to 25 years to life in prison on the first count, and a consecutive term of 25 years of imprisonment on the second count. (Docket entry no. 16 ("R&R") at 1.) In 2005, Mr. Cruz filed a petition for a writ of habeas corpus in this Court, contending that his 1999 conviction was invalid for five reasons: (1) alleged Batson errors during his trial, (2) ineffectiveness of his trial counsel, (3) ineffectiveness of his appellate counsel, (4) a due process claim based on his state post-conviction proceedings, and (5) a claim of "actual innocence." (R&R at 17-18.) In September 2009, Judge Freeman issued a 53-page Report and Recommendation ("R&R") recommending that the habeas petition be dismissed in its entirety, and that the Court decline to issue a certificate of appealability.

(R&R at 52.)  Mr. Cruz filed an objection (docket entry no. 19), and in February 2010 the Court adopted in full Judge Freeman's R&R and ordered the habeas petition dismissed.  (Docket entry no. 20 ("the Order").)  Mr. Cruz moved before the Second Circuit for a certificate of appealability, and in September 2010 the Second Circuit denied that motion and dismissed the appeal after concluding that Mr. Cruz had not "made a substantial showing of the denial of a constitutional right."  (Docket entry no 26.)  In November 2018, Mr. Cruz moved for a second time for a certificate of appealability, and the Second Circuit denied that motion and dismissed the appeal in April 2019 after concluding that the motion was duplicative and untimely.  (Docket entry no. 28.)

Mr. Cruz has now filed a motion seeking relief from the Court's 2010 Order under Rule 60(b).  (Docket entry no. 29 (the "Motion").)  The Court has considered carefully Mr. Cruz's submissions and arguments and, for the following reasons, denies the Motion as untimely and beyond the scope of Rule 60(b).

## Discussion

Mr. Cruz brings this Motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" for "any [] reason that justifies relief."  Fed. R. Civ. P. Rule 60(b)(6).  Relief under Rule 60(b) is only warranted if the movant presents "highly convincing" evidence showing "extraordinary circumstances" that merit relief.  Lee v. Marvel Enterprises, Inc., 765 F. Supp. 2d 440, 448 (S.D.N.Y. 2011), aff'd, 471 F. App'x 14 (2d Cir. 2012).  "The Supreme Court has noted a showing of extraordinary circumstances 'will rarely occur in the habeas context.'"  Thatcher v. Lamanna, No. 1:17-CV-04540-ALC, 2020 WL 1047087, at *2 (S.D.N.Y. Mar. 4,

2020) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). "[T]he general rule [is] that a movant bears the burden in Rule 60(b) motions." Gater Assets Ltd. v. AO Moldovagaz, 2 F.4th 42, 53 (2d Cir. 2021). Because Mr. Cruz is proceeding pro se, his arguments will be "construed liberally." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

A motion under Rule 60(b)(6) must be made "within a reasonable time" after entry of the judgment, Fed. R. Civ. P. Rule 60(c)(1), and a court "will not examine the merits of a judgment if the motion to set it aside was untimely." Grace v. Bank Leumi Tr. Co. of NY, 443 F.3d 180, 189 (2d Cir. 2006). While there is no strict rule for determining what counts as "a reasonable time," "[i]n a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts." Id. at 191. In determining whether a Rule 60(b) motion is untimely, courts will also consider whether the petitioner has shown "mitigating circumstances to excuse such delay." Satterfield v. Pfizer, Inc., 208 F. App'x 59, 61 (2d Cir. 2006).

In the habeas context, "a Rule 60(b) motion may be used to attack the integrity of the previous habeas proceeding, but it may not be used as a vehicle to attack the underlying criminal conviction." Muller v. Lee, No. 9-13-CV-0775-GTS-TWD, 2021 WL 199284, at *2 (N.D.N.Y. Jan. 20, 2021). When a Rule 60(b) motion attempts to attack the petitioner's underlying criminal conviction, the motion should either be "(i) treated as a 'second or successive' habeas petition, or (ii) denied 'as beyond the scope of Rule 60(b).'" Harris v. United States, 367 F.3d 74, 81 n.5 (2d Cir. 2004) (citation omitted). "If the Second Circuit already has denied certification, transfer for certification 'would be futile.'" Gilliam v. United States, No. 08-CR-00742-AMD, 2019 WL 2301788, at *3 (E.D.N.Y. May 29, 2019) (citation omitted).

Here, Mr. Cruz's Motion fails for two reasons. First, the Motion is untimely. The Order that Mr. Cruz is challenging (i.e., the order adopting Judge Freeman's R&R which

recommended dismissal of the habeas petition) was filed in February 2010. (Docket entry no. 20.) Mr. Cruz appealed that Order in March 2010, and the appeal was dismissed in September 2010. (Docket entry nos. 22, 26.) Thus, Mr. Cruz did not file the instant Motion until over twelve years after entry of the Order denying his habeas petition, and more than twelve years after his appeal was dismissed. Courts in this Circuit have regularly found much-shorter delays to constitute unreasonable delay in filing under Rule 60(b)(6). See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (twenty-six-month delay in submitting Rule 60(b) motion is a "patently unreasonable delay absent mitigating circumstances"); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time [for purposes of Rule 60(b)(6)]."); Muller, 2021 WL 199284, at *3 (finding Rule 60(b)(6) motion to be untimely when the petitioner "waited four years and three months to file this motion from the time his habeas petition was denied" and "waited almost three years and eleven months after the Second Circuit denied his appeal to file the present motion"). Moreover, Mr. Cruz has presented no explanation to excuse this delay in filing.

       Second, the arguments in the Motion are primarily challenges to the integrity of Mr. Cruz's original state criminal proceedings, as opposed to the integrity of his federal habeas proceedings. See Gilliam, 2019 WL 2301788, at *2 (a proper Rule 60(b)(6) motion in the habeas context will "identify some defect in the integrity of the federal habeas proceedings"). Mr. Cruz argues in his Motion that: (1) he is "actually innocent of his crime of conviction," (2) certain witnesses should have been permitted to testify at his trial, (3) his trial counsel was ineffective, (4) the prosecution "failed to provide exculpatory Brady material in a timely fashion" during his trial, and (5) he should have received an evidentiary hearing. (Motion at 4-19.) Many of these arguments are duplicative of the arguments that Mr. Cruz originally made in his 2005

habeas petition, which were thoroughly addressed by Judge Freeman in her 53-page R&R. More importantly, almost all of these arguments constitute challenges to the merits of the state criminal proceedings,[1] and are thus beyond the scope of Rule 60(b).  See Muller, 2021 WL 199284, at *3 (claims were beyond the scope of Rule 60(b) where "petitioner's arguments are still primarily challenging the merits of his state court conviction"); Gilliam, 2019 WL 2301788, at *2 (claims were beyond the scope of Rule 60(b) where petitioner "does not explain why his previous habeas proceeding was flawed" and instead "makes new allegations about his lawyer's effectiveness at sentencing"); Oyague v. Artuz, No. 98-CV-6372, 2008 WL 5395748, at *9 (E.D.N.Y. Dec. 12, 2008) (claims were beyond the scope of Rule 60(b) when the petitioner alleged "unresolved Brady issues" stemming from his state court conviction); Abu Mezer v. United States, No. 01-CV-2525-RR, 2005 WL 1861173, at *2 (E.D.N.Y. July 27, 2005) (claims were beyond the scope of Rule 60(b) where the motion "seeks to attack the underlying criminal conviction (based on the allegedly ineffective representation of appellate counsel) rather than the integrity of the original habeas proceeding").

The only argument raised by Mr. Cruz here that is directed to his federal habeas proceedings is his claim that the Court should have granted him an evidentiary hearing in connection with his habeas petition, to better evaluate his claim of "actual innocence."  (Motion at 11-12.)  See Figueroa v. Walsh, No. 00-CV-1160, 2010 WL 772625, at *6 (E.D.N.Y. Mar. 4, 2010) ("Petitioner's 60(b) motion is the proper vehicle to challenge this court's previous decision not to grant him an evidentiary hearing during his [federal] habeas proceedings.").  The Court

---

[1] Although Mr. Cruz states that the arguments raised in his Motion "attack[] the integrity of his initial habeas corpus [proceeding]" (Motion at 2), this is an inaccurate characterization.  "[C]ourts have 'the obligation to characterize the request for relief properly, regardless of the label that the petitioner applies.'"  Gilliam, 2019 WL 2301788, at *2 (citation omitted).

concludes that, even if this argument had been raised in a timely manner, it lacks merit because an "evidentiary hearing is not required on issues that can be resolved by reference to the state court record." Id. (citation omitted).  See also Abad v. United States, No. 09-CIV-8985-GBD, 2014 WL 521541, at *1 (S.D.N.Y. Feb. 6, 2014) (in the habeas context, "a hearing to consider evidence outside of the record is not warranted when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (quoting 28 U.S.C. § 2255(b)). Here, the R&R correctly concluded that all issues raised in Mr. Cruz's habeas petition could be resolved based on the record, and that the habeas petition failed to state any viable claim for relief.  Thus, "no further evidentiary inquiry was necessary prior to denial" of the habeas petition, Abad, 2014 WL 521541, at *1, and Mr. Cruz has not met his burden of showing that he is entitled to Rule 60(b) relief on this basis.

## CONCLUSION

For the foregoing reasons, Mr. Cruz's Rule 60(b) Motion is denied.  This order resolves docket entry no. 29.  The Clerk's Office is respectfully directed to mail a copy of this order to Mr. Cruz.

SO ORDERED.

Dated: New York, New York
          October 4, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge